**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

ANDRE GROSZ,
       Plaintiff,

CASE NO.:

vs.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

ASCENDA USA INCORPORATED d/b/a
24-7 INTOUCH, INC.
       Defendant.

_____/

## COMPLAINT

Plaintiff ANDRE GROSZ (hereinafter "Plaintiff" or "Grosz") hereby sues Defendant ASCENDA USA INCORPORATED d/b/a 24-7 INTOUCH, INC. (hereinafter "Defendant" or "Intouch") and states as follows:

### GENERAL ALLEGATIONS

1.      Defendant ASCENDA USA INCORPORATED d/b/a 24-7 INTOUCH, INC. is a foreign corporation with a place of business at 16120 Highway 19 North, Clearwater, Pinellas County, FL 33764.

2.      Plaintiff ANDRE GROSZ is a former employee of Defendant who, at all times herein, lived in Pinellas County, Florida and worked at Defendant's Clearwater, Pinellas County, Florida location.

3.      At all times relevant, Defendant employed over fifteen (15) full-time employees.

4.      The amount in controversy currently exceeds $15,000.00.

5.      Plaintiff Grosz, at the time of being hired by Defendant, was over 70 years old.

***ELECTRONICALLY FILED 01/10/2018 12:56:57 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

6.      Plaintiff Grosz applied for a job as a customer services representative with Defendant, was interviewed and passed each of the skills tests that he was required to (these included multiple computer proficiency tests).

7.      During the above-described extensive over-the-phone and online interview and computer proficiency testing process, Plaintiff Grosz' age was never discussed.

8.      As a result of Plaintiff Grosz' interviews and high testing scores, Plaintiff Grosz was offered a customer service job by Respondent in or around April of 2015, and Plaintiff Grosz accepted.

9.      When Plaintiff Grosz reported to work for his first day, he was put into a training class with several other much younger co-workers and new-hires.

10.     On the second day of Plaintiff Grosz' employment, he was asked to fill out a piece of paper that had his date of birth on it.

11.     The very next day, Plaintiff Grosz was terminated for the pretextual reason that he was "having trouble keeping up with the class with [his] lack of computer skills."

12.     However, the training class had not once been asked to perform any computer skills or any actions on a computer. In fact, the only computer skills Plaintiff Grosz had been asked to perform were the pre-hiring computer skills tests, which he passed with no problem.

13.     The only reason that Defendant terminated Plaintiff Grosz was because of Plaintiff Grosz' age (over 70) and being significantly older than all of the other employees/new-hires.

14.     Plaintiff Grosz was pretextually terminated because of his age (over 70).

15.     The above constitutes only a fraction of the discriminatory treatment Plaintiff Grosz was subjected to.

## COUNT I
### Age Discrimination – FCRA

16.      Plaintiff Grosz realleges paragraphs 1-15 as if fully alleged herein.

17.      This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes Chapter 760.

18.      The amount in controversy currently exceeds $15,000.00.

19.      At all times relevant, Defendant was aware and had actual knowledge that Plaintiff Grosz was over the age of sixty (70).

20.      Defendant pretextually terminated Plaintiff Grosz because of her being older.

21.      The allegations above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Grosz.

22.      Defendant, through its agents and supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Grosz to disparate treatment in violation of Chapter 760.

23.      The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Grosz's employment and interfered with Plaintiff Grosz's emotional well-being.

24.      Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-15.

25.      As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Grosz from further discrimination, Plaintiff Grosz suffered emotional distress.

26.    Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-15.

27.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

28.    Plaintiff Grosz is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully know. As such discriminatory practices become known, Plaintiff Grosz will seek leave of Court to amend this Complaint in that regard.

29.    Plaintiff Grosz has dual-filed a charge of discrimination/harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Grosz has exhausted his administrative duties.

30.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Grosz has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Grosz has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Grosz is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31.    As a further, direct and proximate result of Defendant's violations of Chapter 760 as heretofore described, Plaintiff Grosz has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which

are presently unknown to him. Plaintiff Grosz will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Grosz requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

32.     Plaintiff Grosz is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff Grosz is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. Plaintiff Grosz is entitled to punitive damages in an amount to be determined.

33.     Plaintiff Grosz demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Grosz prays this Court award judgment in his favor against Defendant Intouch for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

Dated: January 10, 2018                          Respectfully Submitted,

                                                 */s/ Kathryn C. Hopkinson*
                                                 **Kathryn C. Hopkinson, Esq.**
                                                 Florida Bar No.: 0102666
                                                 khthompsonlegal@gmail.com
                                                 **James M. Thompson, Esq.**
                                                 Florida Bar No.: 0861080
                                                 jmthompsonlegal@gmail.com
                                                 mkthompsonlegal@gmail.com
                                                 agthompsonlegal@gmail.com

                                                 THOMPSON LEGAL CENTER, LLC

                                                 One Harbour Place
                                                 777 S. Harbour Island Blvd., Ste. 245

Tampa, Florida 33702
(813) 769-3900 ▪ (813) 425-3999 Fax

*Counselors for Plaintiff Grosz*